UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEANNA KNOPP,

        Plaintiff,

v.

        Case Number 09-10790-BC
        Honorable Thomas L. Ludington

CENTRAL MICHIGAN
COMMUNITY HOSPITAL,

        Defendant.
_____/

## ORDER ADOPTING IN PART AND REJECTING IN PART
## STIPULATION TO FILE DOCUMENTS UNDER SEAL

On October 2, 2009 the Court signed a stipulated protective order [Dkt. #17] that had been submitted by the parties. The stipulated order called for documents that the parties deemed confidential to be marked "Protected" and filed, if at all, in accordance with Eastern District of Michigan Local Rule 5.3. On March 15, 2010, Defendant Central Michigan Community Hospital filed a motion for summary judgment [Dkt. # 21] accompanied by forty exhibits, three of which were filed under seal. The sealed exhibits were stricken the next day because they were not filed in compliance with Local Rule 5.3. The parties filed a stipulation on March 18, seeking permission to refile the stricken exhibits under seal. The stipulation will be adopted in part and rejected in part.

Local Rule 5.3 permits parties to file documents under seal in a civil case without a court order if sealing is authorized by a statute or court rule. E.D. Mich. L.R. 5.3(a). If sealing is not authorized by statute or rule, a court order authorizing sealing is required. *Id.* 5.3(b). A motion or stipulation requesting authorization to file documents under seal must (1) state the authority for sealing; (2) identify each item proposed for sealing; (3) state the reason the items need to be sealed; (4) state the reason means other than sealing are unsatisfactory or unavailable; and (5) be

accompanied by a supporting brief. *Id.* 5.3(b)(2)(A). "Only the germane portion of a filing may be sealed." *Id.* 5.3(c)(2). The Rule is intended to balance the public's presumptive right of access to court records with the interest of litigants in privacy. "Any attempt to maintain secrecy, as to the records of this court, would seem to be inconsistent with the common understanding of what belongs to a public court of record, to which all persons have the right of access." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983) (quoting *Ex Parte Drawbraugh*, 2 App. D.C. 404 (D.C. Cir. 1894)).

Defendant seeks to file under seal its May 28, 2008 executive session meeting minutes, proposed exhibit J; the entire deposition transcript of Jeffrey Collins, which contains discussion of the minutes, proposed exhibit E; and the employee evaluation of a nonparty, proposed exhibit FF. Defendant asserts that the minutes "detail executive discussions and the decision-making process regarding sensitive issues within Defendant's organization, including issues related to staffing and business management." Defendant further asserts that Defendant treats the minutes as confidential within its organization. As a threshold issue, Defendant has advanced no rationale for sealing the entire deposition transcript of Collins. It must be presumed that topics other than the minutes were discussed, topics for which Defendant has advanced no privacy interest. Thus, any request to seal the entire transcript is easily rejected.

To the extent that "confidential" information contained in the minutes or the deposition transcript of Collins is material to the defense or prosecution of Plaintiff's employment discrimination claims, the information is properly part of the public record, and will necessarily be made public throughout the parties' briefs and court orders. A justification for sealing information that may be at the heart of the action is not apparent, and Defendant has not explained why this case

is different from any other employment discrimination case where the employer asserts that its decision to terminate the plaintiff's employment was based on an exercise of its business judgment.

In addition, to the extent that information contained in the minutes is not relevant to the defense or prosecution of Plaintiff's claims, it need not be filed at all. To the extent that material information may be present alongside non-relevant information that Defendant desires to keep confidential, Defendant has not explained why "a means other than sealing is not available or [is] unsatisfactory to preserve the interest advanced." E.D. Mich. LR 5.3(b). For example, Defendant has not explained why sensitive portions of the minutes or deposition testimony could not simply be redacted.

Exhibit FF, on the other hand, contains the employee evaluation of a nonparty that was completed by Plaintiff. It is cited for the proposition that Mike Terwilliger, the nonparty employee, was evaluated by Plaintiff in November 2007 as a " 'high' or 'medium' performer in all categories." Although it is not clear why the extraneous personal information in the evaluation was not simply redacted, that information is not material to the resolution of the motion and may be properly filed under seal. Terwilliger's interest in the privacy of that information outweighs the public's interest in access, at least at this time. *See In re Knoxville News-Sentinel Co.*, 723 F.2d at 474. If, however, the personal information in the evaluation becomes relevant at a later time, the evaluation will be unsealed and placed on the public docket.

Accordingly, it is **ORDERED** that Defendant's stipulation with supporting brief [Dkt. # 31] is **ACCEPTED IN PART** and **REJECTED IN PART**.

It is further **ORDERED** that Defendant is **GRANTED LEAVE** to file proposed exhibit FF under seal, to file proposed exhibits J and E on the public docket in a redacted or nonredacted

format, and to file additional legal authority or further explanation to justify the filing of portions of proposed exhibits J and E under seal.

                                                s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

Dated: April 2, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 2, 2010.

                              s/Tracy A. Jacobs
                              TRACY A. JACOBS